**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Antonio Jimenez, | No. CV-24-03487-PHX-ASB |
| Plaintiff, | **ORDER** |
| v. | |
| Earl H Carroll, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Complaint (Doc. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).[1] The Court will dismiss the action as frivolous under 28 U.S.C. § 1915(e), for the reasons described below.

---

[1] This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> **IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:
>
> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

### I.   Standard of Review

Under 28 U.S.C. § 1915(a)(1), a party "who submits an affidavit that ... the person is unable to pay" may be permitted to proceed "without prepayment of fees or security therefor." However, with respect to the complaint, the Court shall dismiss an *in forma pauperis* action if the Court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." Id. at 1127.

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief and a demand for the relief sought. Rule 8, however, requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombl*y*, 550 U.S. 544, 555 (2007)). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). Therefore, a dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Furthermore, a plaintiff in a civil action "bears the burden of establishing subject matter jurisdiction." Ashoff v. City of Ukiah, 130 F.3d 409, 410 (9th Cir. 1997).

### II.   Discussion

Plaintiff's Complaint, which is styled as "Complaint for Punitive & Treble Damages," consists of two, typed pages. (Doc. 1.) It lists "Earhl H. Carroll, Steven P. Logan, [and] Milton A. Major, Jr.," as the named defendants. (Id. at 1.) In the body of

the Complaint, Plaintiff complains that Judges Carroll and Logan wrongfully dismissed Plaintiff's case "cv 98-1945." (Id. at 1-2.) A review of the Court's docket reveals this case is Jimenez v. Phx. Parks and Recreation, CV 98-1945-PHX-SLG, which was dismissed and unsuccessfully appealed. After being barred from filing further documents in that action, he subsequently filed multiple, additional lawsuits in this Court, all of which were dismissed.[2] In the instant Complaint, Plaintiff states that in this case, he "is pressing charges for judicial misconduct, retaliation, derelicts (sic) of duties by all of those judges above." (Doc. 1 at 2.) Plaintiff identifies Judges Carroll and Logan, but he fails to identify who Milton Major is. The Court notes, however, that Plaintiff brought a nearly identical suit against the same three defendants in this Court for the same alleged actions in July 2024. Jimenez v. Carroll et al., No. 2:24-cv-01841-PHX-MTM. In that case, the Court identified Mr. Major as "Equal Employment Opportunity Commission Inspector General Milton Major." Id. at Doc. 9. In dismissing the Complaint, the Court found Plaintiff's allegations to be frivolous. Id. The Court noted the named judges are "absolutely immune from suits for damages for their judicial acts except when they are taken 'in the clear absence of all jurisdiction.'" Id., quoting Stump v. Starkman, 435 U.S. 349, 356-57 (1978). The Court further found that the Complaint's allegations did not appear plausible, and the Complaint lacked an arguable basis in law or in fact. Id. Accordingly, the Court dismissed the Complaint and denied Plaintiff's Application to Proceed In Form Pauperis. Id.

In the Complaint, Plaintiff avers he is bringing suit because the named judges wrongfully terminated his 1998 lawsuit. (Doc. 1.) However, the actions alleged by Plaintiff constitute conduct for which judicial immunity would apply. Indeed, this Court previously explained that tenet to Plaintiff not only in 2024 (as detailed above), but in a December 2016 Order dismissing Plaintiff's attempted claims against other federal judges in a different action. Jimenez v. City of Phoenix Police Dep't et al., No. 2:16-

---

[2] See, e.g., Nos. 2:14-cv-02444-PHX-BSB, 2:14-cv-02534-PHX-SRB, 2:16-cv-03146-PHX-MHB, 2:16-cv-03200-PHX-SPL, 2:16-cv-03201-PHX-JJT, 2:16-cv-03203-PHX-JZB, 2:18-cv-04727-PHX-SPL, 2:21-cv-01542-PHX-GMS, and 2:24-cv-01841-PHX-MTM.

03203-PHX-JZB, Doc. 14 at 4-5 ("[J]udges are generally afforded absolute immunity from liability for conduct done in their official capacities within their jurisdiction.") (citing Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004)). In his Complaint, Plaintiff fails to state a non-frivolous claim against the named defendants who are judicial officers. Further, the Complaint is completely devoid of any allegations against Mr. Major specifically. (See Doc. 1.) Plaintiff also fails to state the basis for this Court's jurisdiction.

The Complaint fails to meet muster under the above-cited case law and Rule 8. The Court concludes that it lacks subject matter jurisdiction, and Plaintiff has failed to state a claim for relief. The Court further finds the Complaint to be frivolous and cannot be cured by amendment. Consequently, the Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will further deny the Application to Proceed In Forma Pauperis, as required by statute.

### III. Conclusion

Accordingly,

**IT IS THEREFORE ORDERED** dismissing the Complaint (Doc. 1) and this action as frivolous under 28 U.S.C. § 1915(e)(2). No leave to amend is granted.

**IT IS FURTHER ORDERED denying** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 2).

**IT IS FURTHER ORDERED denying** Plaintiff's Motion for Default Judgement as moot. (Doc. 9).

**IT IS FURTHER ORDERED directing** the Clerk of the Court to terminate this action.

Dated this 4th day of April, 2025.

_____
Stephen M. McNamee
Senior United States District Judge